Case No. 14-3278 Dawson Wise v. Zwicker and Associates PC et al. Argument not to exceed 15 minutes per side. Mr. Meckler, you may proceed for the appellant. Thank you very much. May it please the court, good morning everyone. I'm on speakerphone, if there's a problem please let me know. Or not. I recognize that we have raised many arguments in our brief and given the time constraints I thought that we're going to be able to get to all of them. So I thought that the best way to get into this case would first at least take a look at the restatement 187-2B exception. Which really comes down to the question of whether Ohio has a materially greater interest in the determination of the issue in this case than does Utah. And the issue in this case basically being whether the defendants should have been permitted to seek attorney's fees from an Ohio consumer like Wise. And the bottom line in that question is that Ohio's interest in protecting its citizens and its fundamental policy is greater than Utah's in this case. The key case I think that addresses this issue... Isn't the presumption though that you apply choice of law provision in the contract? I'm sorry I couldn't hear you your honor. That's why our clerk's office suggested you not do this on speaker. Alright, if you want to continue to do this that's your call but we're probably going to have trouble communicating. No, no, no, they told us to try it on speaker but I'm glad to take it off speaker. Alright, it's your call, do what you'd like to do. The question is... No, I've got you off speaker right now, I'm not going to go back to speaker. Great, good idea. So, the question is it's not like you start with okay it could be Ohio, it could be Utah. Don't you in this case start with the presumption that the contract says Utah? And under Ohio law the restatement section 187 you start with the presumption that's where you go. You're making it sound like you start with well it could be either one and oh since we have Ohio citizens interest here we'll go to Ohio law. But there's a presumption here isn't there? Well there's a presumption but there's an exception to that presumption and you have to follow the rules that this court has already laid out in Daimler Chrysler to determine whether that exception applies or not. And Daimler Chrysler has set up a four step process to make that determination. Unfortunately district court really didn't follow the Daimler Chrysler criteria. I think if the court had it would have come to the conclusion that we urge here that Ohio had a greater interest. Touching counselor on my concern I've been looking through the record and I'm struggling to see what is actually in the record that reveals an analysis or in the decision that reveals an analysis of the section 188 factors or the section 6 factors that 188 of the restatement requires. Can you tell me what is your position as to what is exactly in this record concerning the context of both Ohio and Utah under the provisions of those factors? Well first of all I grant you the record is pretty skimpy because this case did not have any discovery. We were precluded from doing any discovery. That said I think there's enough here if you look at 188 and 188 applies in all situations where there has not been an effective choice of the applicable law by the parties and I think that's precisely the situation here when you have an adhesion contract. So the first issue under 188 is the place of the contracting and I think we have pretty much a wash on that issue. The contract itself says that Utah is the place of the contract from American Express's perspective. However my client is an Ohio resident, lives in Ohio. Everything he did is in Ohio. So he entered into the contract in Ohio. I think that's fair to infer from the complaint and particularly when you're talking about the standards under MJOP. Did your client file an affidavit saying where he paid his bills to American Express? I mean that'd be easy without discovery, wouldn't it? I don't believe that he did but this was an MJOP and typically on an MJOP you're talking about the pleadings and not in addition to the pleadings. So I'm not sure whether we would have gotten any benefit out of that or not. Possibly we would have but I don't believe we did that. Can I ask you just out of curiosity this question? So the Fair Debt Collections Practice Act talks about debt collectors using false, deceptive, misleading representations. And here it seems really funny to think that this, I think you've even acknowledged the choice of law issue is tricky. So it's just really odd to me to think of this as some false, deceptive or misleading representation when on the face of it what they did, they seem to be allowed to do. It may be that after a very complicated choice of law analysis, maybe you're right, maybe you're not. But just the fact that it's so unclear, it just seems very odd to me that you could say this was false, deceptive or misleading. I mean there's no law that at a time showed they couldn't do this. If anything, I think the law is pretty clear that what they did was just fine. Well, the law in Utah might have been that what they did was just fine. The law in Ohio certainly wasn't. No, but I'm making the point that for you to get anywhere, you have to win this complicated choice of law analysis. And I think it's very hard for you to say there's any precedent out there that makes it clear that, you know, clearly you don't follow the choice of law provision in the contract. You follow Ohio law in this instance. I think that would be quite an exaggeration to say that the state of the law is clear that Ohio law would have applied here. And if that's true, I'm just really struggling why you would even apply the act. Well, two reasons. One, with all due respect, I disagree with you. I think Daimler-Chrysler really answers the question about whether Ohio has a greater interest than Utah in this case, and it answers it in the favor of Ohio. Because it really comes down to protecting Ohio citizens and protecting Ohio's fundamental policy. Second, I would say that... Daimler-Chrysler suggests that this particular issue is a fundamental policy? I mean, not every policy of a state is fundamental. No, no, I'm sorry. I didn't mean to talk over you. It doesn't suggest that this particular issue is a fundamental policy, but... Okay, well, there you go, right there. There's a very clear ambiguity. No one would have known ahead of time. I'm sorry. There's another ambiguity. No one would have known ahead of time that the Ohio policy-slash-law would apply. You just conceded Daimler-Chrysler doesn't show this is a fundamental policy. So we're back to a situation where it's... I thought this was about punishing people for doing things they should know they had no right to do, and this doesn't seem clearly to be in that category. Other cases have made it clear that this is a fundamental policy. Which case is that? Well, we cited one, and it doesn't come to my mind right off the top of my head. In part, it's certainly in our brief. It's a Sixth Circuit case. In fact, the district court cited it as well. And the issue of whether it was a fundamental policy or not doesn't... is not a matter of controversy in this case. The court decided it was. Defendants didn't oppose it. It's clear it's a fundamental policy by the standards of a fundamental policy. That is, is it an oppressive use of power by an entity that has much greater bargaining power? And that's exactly what the situation is in this case. Well, Counselor, isn't the question under the FDCPA, what impression the least sophisticated consumer would have upon receipt of the suit or the demand or the communication from the entity? Isn't that what the Act addresses? Correct. Absolutely correct. And is that the basis of the court's statement that the issue before us is resolved by whether Ohio or Utah law applies? Well, I'm not sure what the basis of the court's decision in that regard is. I'm not asking whether the court was correct in choosing Utah or Ohio law. I'm asking whether on a motion on the pleadings, the court's determination that whether a valid claim may be stated depends on which law is chosen. And my understanding of that order was that if Ohio law applies, you've stated a valid claim, and you may not win on that claim, but you've stated a valid claim because we're at a motion to dismiss stage. And if Utah law applies, you have not stated a valid claim. Is that an incorrect analysis of the court's decision below? No, no, no. You're right on the money. That's her rationale. In fact, I think she said something like if Ohio law applies, what the defendants have done is verboten, and if Utah law applies, what the defendants have done is fine. Something along those lines. It boils down to me to a question of whether there was an appropriate analysis of the applicable law in making that determination below. And so I'm back to the question, what is in the record? What did the court have before it and analyze? And did the court correctly do that under the law that suggests that it should look to Section 188 and Section 6 of the restatement? Okay. Two things, and I'm not trying to dodge your question. First of all, I just want to make it clear that we believe that the construct that you're right on the money on is too simple that even if Utah law applies, this is a violation of FDCPA, particularly 1692D, which prohibits a debt collector from engaging in any conduct, the natural consequences of which is to harass, oppress, or abuse the debtor. And I think this conduct where a debt collector on behalf of a huge multinational corporation brings a collection case with three attorneys, and then on top of the $40,000 in debt seeks to add on attorney's fees, that falls within the prohibited conduct of FDCPA. Mr. Meckler, your red light is on, so you can keep going, but then you won't have rebuttal. So it's your call. I'd like rebuttal. Thank you very much. Okay. We'll hear from Mr. Gentry. Yes, good morning. Thank you, Your Honors. I think the appropriate analysis in this case is that the district court here had to look at the choice of law analysis that would have been applied in the common pleas action that was underlying this federal action. The common pleas action had a complaint with terms and conditions attached to it. Those were then filed in this federal action. And so that complaint with those attachments is essentially that record for the motion for judgment on the pleadings. Mr. Weiss did file an affidavit in the case below, but I don't believe that was part of the court's analysis under the Rule 12 standard. So the analysis is would or could the Summit County, Ohio Court of Common Pleas have applied Utah law to this prayer for relief? And that's an important point. The alleged offending statement here, the statement and issue of attorney fees, was made in a prayer for relief. It was not made in a factual assertion like in a numbered paragraph. And I think that's an important distinction here. Were there earlier contacts between your client and this debtor before the state court complaint was filed? And my memory of the record is that there were, and that there were demands for fees at that point. Is that correct? I'm not aware of any such communications that are in the record, Your Honor. I don't believe any prior communications to the extent they existed were in the record. Are you aware of any prior or even subsequent to filing the complaint communications that made demands on this debtor and included a request for attorney's fees? I am not aware of communications outside of the prayer for relief which requested attorney fees, Your Honor. Okay, thank you. Let's just, if I might, let's just kind of move to what seems to me to be the nub of the question. And I'm happy to hear from you if you disagree with that. But looking to what the court did trying to determine whether Ohio has a materially greater interest in the contract than Utah does, which was what the court stated was the issue, I'm looking to the particulars and, frankly, Counselor, I'm just not seeing the information or the analysis in the decision below. And we're on a pleadings claim, so that's where you've got to look. And let's just walk through a couple of the provisions. One of the important questions is the place of contract. Doesn't your agreement say that when you keep, sign, or use the card issued to you, you agree to the terms of this agreement? Is there any information in the record as to where that occurred? Well, Your Honor, the card member agreement itself says that American Express entered into the agreement with the plaintiff here in Utah. That is in the record at document 1-2. If Your Honor's question is where was Mr. Wise physically present when he made some decision or some assent, that is not in the record. Well, I guess that's my problem because your contract says when you, you the debtor, keep, sign, or use the contract issued to you, then you have contracted with me. You've accepted my agreement. I'm not sure how a bold-faced statement that we assume it's Utah gets you where you need to go. Can you explain to me why you think that's the case when your contract language says otherwise? Well, because the contract language said that the questions about the enforceability of the contract or the agreement would be governed by the laws of the state of Utah and applicable federal law. Well, is that a performance question or an entry into the contract question? It seems to me that's a performance argument. I'm asking you about entry into the contract. I apologize. Maybe I misunderstood Your Honor's question. The contract provision that we're relying on says the enforceability and interpretation of the agreement itself is governed by Utah law, and that was the agreed language, the agreed term that is in the record. I think what I'm struggling with is that we understand that the contract says that and, frankly, understand that it's an adhesion contract, but the question becomes under Ohio law and under federal law, how do you make this choice of what law applies? Both federal law and Ohio law says you look to the restatement, and so I'm asking you to explain whether there has been undertaken by the district court an analysis in accordance with the restatement requirements, Section 188 and Section 6, because I don't see it in the district court opinion. The district court opinion analyzes under Section 187 of the restatement, which we believe is the appropriate analysis. Yeah, but 187 2B discusses the fundamental policy of a state, and I understand that that's where there's not an effective choice, and my understanding of the case law is that Ohio and federal law by adoption say that you look to determine which state has a materially greater interest, and you do that by using Section 188 and Section 6. The Ohio interest here, to show that there's been no showing that Ohio has a materially greater interest in Utah. The plaintiff here states that, well, he is here, and many of his transactions may have occurred here, but the question... So, counsel, I think what Judge Strange is asking, I think there's two ways to think about it. One, I think she's wondering whether Judge Leoy actually engaged in the 187 analysis, so that's just what did the district court judge actually do, and then I think the other thing that might be embedded in the question is whether this is the kind of inquiry that can be done on 12B-6, or does it require either discovery or other information? So I think you need to come to grips with those, I think, are the two points she's making, and I don't think you're answering them. Okay, yes, so thank you for that clarification. The district court analyzed this under 187, and under that analysis looked at the facts that were before it and determined that it had enough because the correct analysis was the analysis between the parties to the agreement, not the parties to this present federal lawsuit. And so to that extent, the court had enough facts in front of it to show that the 187 analysis was correct and appropriate. We believe that there was no need for additional information to complete that analysis. The plaintiff did not plead some fact that would take us out of that analysis. There's been no pleading to show that Ohio had a material greater interest in that underlying contract. Isn't that a question, where I'm struggling, it seems to me that that's a question of Ohio and federal law, the choice of law, and my concern is that the court did not undertake that analysis. I believe the court did undertake that analysis of which state's law should be looked at. This is on pages 9 and 10 of the district court's opinion. The district court specifically addressed plaintiff's arguments on these points and addressed the 187 analysis and whether Ohio had a material of greater interest or not. And the court said that here, the plaintiff had no room to argue for Ohio law. The plaintiff agreed to be governed by Utah law. The Utah law analysis, as applied to the common pleas court case, is relatively straightforward. And plaintiff here has a complicated analysis to say, we don't need to look at the common pleas court case, we need to look at the federal case and to demonstrate what the fundamental policy is of Ohio by looking at this from a different standpoint, from the standpoint of a tort claim. Well, let's say we agree with you. This is not a tort claim, this is a contract claim. I guess I'm just coming back, I'm not hearing a response, and maybe I'm just missing it, so let's try it one more time. My understanding is that Ohio law requires the materially great interest analysis to include section 188 factors and section 6 factors. And perhaps our disagreement is to whether the court undertook that analysis. I do not see the 6 factors in 188 and the A through G factors in section 6 being analyzed in her opinion. Is it that you think they were, or is it that you think they don't need to be? The district court did not specifically include those statements in its opinion. That is there. And we believe the district court did not need to do that. The district court did not need to get beyond the analysis that it conducted under 187. Can I ask you a question? You may not remember what the briefs looked like. What I understood Judge Loy to be saying is maybe she was rejecting one of several arguments and she should have addressed the other arguments, or maybe she was addressing the only argument that Wise was making, but I thought her key move was to say the question is what choice of law applies to the agreement and the greater interest when it comes to the agreement, and you, Mr. Wise, are focused only on the parties. And so let's just put to the side whether she's right or wrong about that, but clearly she's addressing that argument. Was there in front of her on these briefs, please look at these other factors, some of them 188, some of them elsewhere? You'll have to give me a moment, Your Honor. I don't recall that. If you don't recall, fine, we can figure it out. We'll look at it ourselves. Okay. But certainly the focus of Plaintiff Wise's argument was to have the court analyze this from a tort perspective and not from a contract perspective. And Judge Lewoy dealt with that and dealt with that argument specifically and dealt with each of plaintiff's points on that argument in great detail to address even in footnote 9 of the opinion that the appropriate transaction here would be the contract that's underlying this, not this case. And so I do think that's what Judge Lewoy was focused on. The argument that really I believe Judge Sutton had brought this up, the argument really that this gets to in the end is there's a question here of whether the defendants can be liable for a prayer for relief when they have at the very least a good arguable basis in the law for what they can pray for and what they can recover. Well, you know, I thought Judge Stranch made a pretty good point, though, on that, that this is 12b-6. So choice of law often lends itself to 12b-6 resolution. I'm not 100% sure the points I was making about whether it's misleading or not. They seem like they're probably more amenable to summary judgment consideration. I'm not sure you can get rid of those at 12b-6. So that seems like a good point. Well, here what we have is we raise the additional defense in brief, the additional defense of the Noah Pennington Doctrine to say that, except in the case of sham pleadings... So the red light, just to let you know, has gone on, Mr. Gentry. So if you want to just complete that point, that would be great. Yes, the idea that the defendants can be held liable for making a prayer for relief, which is based on the law of Utah and based on good analysis of Ohio law that Utah law would apply, would offend the Noah Pennington Doctrine and that right to petition the government. Okay, thank you, Mr. Gentry. Mr. Meckler, did you have some rebuttal time? Yes, I think I have three minutes. Let me go quickly. First of all, I don't think the district court completed a complete 187 analysis as per... Did you raise the 188 factors in your brief at the 12b-6 stage? We did, and the section 6, and they're addressed in our appellate brief as well in detail. And she never addressed those at all. And basically, I think she shortcut the process based on what Daimler-Chrysler and the restatement tell us. She might have thought it was an easy case. Well, maybe she did. I don't think it is. Second of all, the complaint does allege prior communications and subsequent communications over and above what's in the collection complaint. Third of all... Can I ask you on your 188 factors? Is it your position that this can't be done at 12b-6? Or is it your position that, hey, the problem is you can do this at 12b-6. She just didn't do it. Well, certainly the latter... Okay, can it be done on a 12b-6 record? Can we do it in other ways? Right, I think you need summary judgment on this. Okay, so what's the discovery... I mean, that must mean discovery. What's the stuff that's not in the record that one needs to do this fairly? Well, a lot of things. For example, one of the issues is place in negotiations. I don't think there were any negotiations, but we need to address that. We need to smoke that out and determine... Wait, you just said, I don't think there were any... I mean, you have a client. You can't just pretend there could be discovery to get around 12b-6. You've got to tell us honestly whether there would be. You just, by the way you put the point, said there weren't negotiations, and I don't think that's inconsistent with your adhesion point. The record isn't terribly clear with that. Surely you have ideas about what you're going to show if it goes back down for summary judgment, do you not? Sure. And tell us what that is. That's what Judge Sutton's asking. Well, we would go at every single one of the 188 and Section 6... You'd get discovery on every single one of them. Start telling me examples of what you'd need and why. Well, we'd like to go at this issue of where the contract was... the place of contracting. That's number one. I don't think it's clear. All we've got is... on that, all we've got is... Let's accept that it's... we'll assume it's your clients in Ohio and American Express is Utah. Fine. Okay, well... It seems like a fair assumption. We don't have that clear in the record. But, I mean, that's not being unfair on inferences at 12b-6. That seems like pretty natural inference. It's not. It's a natural inference. Keep going. Place of performance. It's... you know, we pulled out for the purposes of opposing the 12b-6 motion. Why isn't place of performance pretty obvious? You've got to pay the debt in Utah. That's where they are. Well, their allegations go to, in the collection complaint at least, go to the performance being his unjust enrichment by using the credit card in Ohio. This is the kind of thing that... it's a little nuanced and you need some discovery on it. I don't think nuance leads to discovery always. Is there any evidence in the record on where Mr. Wise sent his payments? No evidence in the record that I'm aware of. But... I don't understand... Why does that matter? You really think the payments are not to where American Express is? It may not be Utah. It could be anywhere. American Express is all over the world. But you should know by now, I guess through your client, you could tell us what you expect to prove anyway. Like paying it in Ohio or paying it... I do not know that fact, to tell you the truth. Is there anything else that you think we need before we can make this analysis fairly? I think you need to know all of the factors in Section 6 and all of the factors... I need something specific. I'm going to send an interrogatory that has this question and I want this information. Or I'm going to depose this person because I need this information. You know, I wish I had my interrogatories in front of me that I had ready to go but I couldn't use. Hang on. I mean, the shortcut, all I can tell you is the information was all too preliminary. And we needed to get at it in more detail. Okay. I think we understand your point. And we really appreciate both of your oral arguments and your written submissions. And thanks for all the accommodations on doing this by phone. We appreciate it. So thank you so much to both of you. I'm the one that caused it. Excuse me? I thank you for that too because I'm the one that caused it. Okay. Well, I'm glad it worked out for everybody. The case will be submitted.